UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION CENTER )
1718 Connecticut Ave., N.W. )
Suite 200 )
Washington, DC 20009 )
)
Plaintiff, )
)
v. )
)
THE UNITED STATES DEPARTMENT OF )
JUSTICE )
950 Pennsylvania Ave. NW )
Washington, D.C. 20530 )
)
Defendant. )

FILED
DEC 1 8 2009
Clerk, U.S. District and
Bankruptcy Courts

Case: 1:09-cv-02394
Assigned To : Kennedy, Henry H.
Assign. Date : 12/18/2009
Description: FOIA/Privacy Act

## COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2009), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center from the United States Department of Justice.

### Jurisdiction and Venue

2.  This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (2009) and 5 U.S.C. § 552(a)(6)(C)(i) (2009). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2009). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) (2009).

### Parties

3.  Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research

organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC's activities include the review of federal activities and policies to determine their possible impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a heavily visited Internet site, http://www.epic.org, which contains extensive information regarding privacy issues, including information EPIC has obtained from federal agencies under the FOIA.

4. Defendant the United States Department of Justice ("DOJ") is an agency established in the Executive Branch of the United States Government. The DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1) (2009). The United States Marshals Service ("USMS") is a component of the DOJ.

## Facts

### The USMS Uses Whole Body Imaging Technology to Scan United States Citizens

5. The U.S. Marshals Service is responsible for the protection of the federal judiciary.

6. In fulfilling this responsibility, "the Marshals Service's Judicial Security Systems (JSS) group designs and coordinates the installation of complex electronic security systems to protect federal judges, courthouse staff members and the physical court facilities."

7. Additionally, the Marshals Service performs physical security surveys across the country.

8. The USMS uses "whole body imaging" ("WBI") technology to screen visitors to at least one federal court.

9. An official website published by the U.S. government states that WBI technology is deployed in at least one federal court – "Federal Court House (VA)."

10. Whole body imaging machines are able to peer through clothing and capture detailed, three-dimensional images of individuals completely undressed.

11. The WBI systems operated by the USMS use the same technology as WBI systems implemented by other government entities, including systems the federal government intends to use to screen all air travelers in U.S. airports.

12. On June 4, 2009, the U.S. House of Representatives passed a bill, H.R. 2200, that would limit the use of WBI systems in airports.

13. The bill prohibits use of WBI technology for primary screening purposes in airports.

14. The bill was referred to the Senate for consideration on June 8, 2009.

15. Despite lawmakers' opposition to the TSA's use of WBI scanners for primary screening, on October 1, 2009 the agency announced plans to install 150 more WBI machines in American airports.

### EPIC Submitted a FOIA Request to USMS Regarding Whole Body Imaging

16. On July 2, 2009, EPIC transmitted, via certified mail, a written FOIA request to the DOJ for agency records. EPIC requested the following agency records:

   a. All unfiltered or unobscured images captured using Whole Body Imaging technology;

   b. All contracts entered into by the U.S. Marshals Service pertaining to Whole Body Imaging systems, including contracts for hardware, software, or training

   c. All documents detailing the technical specifications of Whole Body Imaging hardware, including any limitations on image capture, storage, or copying;

   d. All documents, including but not limited to presentations, images, and videos, used for training persons to use Whole Body Imaging systems;

   e. All complaints related to the use of Whole Body Imaging and all documents relating to the resolution of those complaints; and

   f. All documents concerning data breaches of images generated by Whole Body

Imaging technology.

17. EPIC also asked the DOJ to expedite its response to EPIC's July 2, 2009 FOIA request ("EPIC's FOIA Request") on the bases that it pertains to a matter about which there is an urgency to inform the public about an actual or alleged federal government activity, and was made by a person primarily engaged in disseminating information. EPIC made this request pursuant to 5 U.S.C. § 552(a)(6)(E) (2009). Petitioner based the request on the widespread public interest in whole body imaging and the privacy implications, as well as the pending federal legislation.

18. EPIC also requested "News Media" fee status under the Freedom of Information Act, based on its status as a "representative of the news media."

### The DOJ Failed to Make a Determination Regarding EPIC's FOIA Request and Failed to Disclose Any Documents

19. The DOJ transmitted an email to EPIC dated July 6, 2009 ("DOJ Letter").

20. The DOJ Letter acknowledged the DOJ's receipt of EPIC's FOIA Request, but failed to make any determination regarding the substance of EPIC's request.

21. After this initial letter, the DOJ did not make any determination regarding EPIC's request or produce any records in response to that request.

### EPIC Filed an Administrative Appeal with DOJ

22. On July 30, 2009, more than twenty working days after the DOJ received EPIC's FOIA Request, EPIC submitted an administrative appeal to the DOJ ("EPIC's Administrative Appeal").

23. EPIC's Administrative Appeal appealed the DOJ's failure to make a determination regarding EPIC's FOIA Request.

24. EPIC's Administrative Appeal also reiterated EPIC's request for "News Media" fee status.

4

### The DOJ Failed to Perform an Adequate Search for, or Produce, Documents Responsive to EPIC's Request

25. On August 7, 2009, the DOJ replied to EPIC's Administrative Appeal with a response that claimed that the agency had "conducted a search of records in the Headquarters Judicial Security Division" and located no records responsive to EPIC's request.

### EPIC Appealed the DOJ's Finding that it Possessed No Responsive Records

26. On October 2, 2009, EPIC transmitted, *via* Federal Express, a second administrative appeal ("EPIC's Second Administrative Appeal"), this time appealing the DOJ's failure to conduct an adequate search and erroneous finding that it possessed no responsive records.

27. EPIC's Second Administrative Appeal appealed the agency's finding on the grounds that the agency's search, which consisted only of headquarters and *not* the Virginia courthouse where the WBI machinery is employed, was facially inadequate.

28. EPIC's Administrative Appeal also reiterated EPIC's request for "News Media" fee status.

### The DOJ Failed to Respond to EPIC's Second Appeal

29. Through the date of this pleading, which is filed more than twenty working days after the DOJ received EPIC's Second Administrative Appeal, the DOJ has not responded to EPIC's Second Administrative Appeal.

30. Through the date of this pleading, the DOJ has failed to conduct an adequate search for the requested documents.

31. Through the date of this pleading, the DOJ has failed to produce any documents in response to EPIC's FOIA Request.

32. Through the date of this pleading, the DOJ has failed to state which documents, if any, it intends to produce in response to EPIC's FOIA Request and EPIC's Administrative

Appeal.

## Count I
### Violation of the FOIA: Failure to Comply With Statutory Deadlines

33. Paragraphs 1-32 above are hereby incorporated by reference as if set forth fully herein.

34. The DOJ's response to EPIC's FOIA Request violated the statutory deadlines imposed by the FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) (2009).

35. EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

36. The DOJ has failed to perform an adequate search for responsive documents.

37. The DOJ has wrongly withheld responsive agency records from EPIC.

38. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant to conduct an adequate search for agency records responsive to EPIC's FOIA Request within five working days of the date of the Court's Order in this matter, with such searching including but not limited all sites at which the USMS operates WBI technology;

B. order defendant to produce all responsive agency records within ten business days of the Court's Order in this matter;

C. award plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2009); and

D. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By: _____
John Verdi, Esquire (DC Bar # 495764)
Marc Rotenberg, Esquire (DC Bar # 422825)
Ginger McCall, Esquire*
ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: 12/18/09

* Ginger McCall, Esquire is a member of the Pennsylvania Bar (PA Bar #307260)